**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **EDMOND SORGHO,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**LUIS SOTO, et al.,**<br><br>**Respondents.** | **Civil Action No. 26-12705 (SDW)**<br><br>**OPINION** |

**IT APPEARING THAT:**

1. Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") by Petitioner Edmond Sorgho, who is presently detained by Immigration and Customs Enforcement ("ICE") in the Delaney Hall Detention Facility, New Jersey. (ECF No. 1).

2. Petitioner is a citizen of Burkina Faso who entered the United States on or about January 6, 2024. (ECF No. 5-1 at 3). He was initially processed as an expedited removal, but an asylum officer concluded that Petitioner had established a credible fear of persecution if he were to be removed back to Burkina Faso. (*Id.*)

3. Petitioner was issued a Notice to Appear on February 25, 2024. (ECF No. 5-2 at 2). He was released from custody on March 8, 2024 as part of the Alternatives to Detention ("ATD") program. (ECF No. 5-1 at 3).

4. According to Respondents, Petitioner missed self-report check-ins on July 1, 2025, August 26, 2025, January 13, 2026, June 30, 2026, July 28, 2026, and August 25, 2026. (*Id.* at 3-4).

5. Petitioner was allegedly removed from the ATD program on September 3, 2026 due to noncompliance. (*Id.* at 4).

6. Petitioner was instructed to report to ICE's Newark office on September 24, 2026. (*Id.*)

7. Petitioner reported as instructed and was detained. (*Id.*) A warrant for his arrest was issued the same day. (ECF No. 5-3 at 2).

8. ICE made an initial custody determination pursuant to 8 U.S.C. § 1226(a) concluding that Petitioner was to be detained. (ECF No. 5-4 at 2). Petitioner requested a review of that determination by an immigration judge but refused to sign the form. (*Id.*)

9. This Petition followed on September 25, 2026. (ECF No. 1).

10. Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

11. Petitioner was detained within this Court's jurisdiction and by a custodian within this Court's jurisdiction when he filed the Petition, and he asserts that his continued detention violates due process. Therefore, this Court has habeas jurisdiction over his claims. *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).

12. In the Petition, Petitioner asserted that he had been compliant with his reporting requirements and that ICE had not identified a basis for his detention. (ECF No. 1 ¶¶ 40-43). In reply, Petitioner submitted a declaration stating that his "electronic check-ins required [him] to take photographs through an application on a telephone" and send them to ICE. (ECF No. 8-1 ("Pet. Dec.") ¶ 3). He asserts that his screen became damaged, making it difficult to determine

whether the photographs were being sent to ICE after he took them. (*Id.* ¶ 4). He claims that he informed ICE about his problems and continued sending the photographs. (*Id.* ¶¶ 5-7).

13. It is not for this Court to determine whether Petitioner in fact complied with his reporting requirements. This dispute may be relevant as to whether he should be granted bond, but this Court's present inquiry is limited to whether his current detention is lawful. *Zhuno-Livicura v. Jamison*, No. 26-cv-7255, 2026 WL 2936515, at *3 (E.D. Pa. Sept. 30, 2026) (noting that "[t]he relevant question on habeas review is whether Petitioner is presently in custody in violation of the Constitution or laws or treaties of the United States … ." (internal quotation marks omitted)).

14. Removal proceedings were initiated against Petitioner when the Notice to Appear was issued on February 25, 2024, (ECF No. 5-2 at 2), and a warrant based on the Notice to Appear was issued on September 24, 2026, (ECF No. 5-3 at 2).

15. "Respondents unquestionably possess the authority to detain non-citizens during removal proceedings when Congress has authorized them to do so under § 1226(a)." *Zheng v. Rokosky*, 826 F. Supp. 3d 545, 554 (D.N.J. 2026); *see also Demore v. Kim*, 538 U.S. 510, 523 (2003) ("Deportation proceedings would be vain if those accused could not be held in custody pending the inquiry into their true character." (cleaned up)); *Velasco Lopez v. Decker*, 978 F.3d 842, 848 (2d Cir. 2020) ("Detention during removal proceedings is a constitutionally valid aspect of the deportation process.")

16. "[T]he creation of statutory rights associated with a given immigration status falls exclusively within the purview of Congress ...." *Osorio-Martinez v. Att'y Gen. United States of Am.*, 893 F.3d 153, 172 (3d Cir. 2018). Section 1226 and its implementing regulations require the Department to "provide detainees with a 'prompt bond hearing.'" *Zheng*, 826 F. Supp. 3d at 554

(quoting *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018)). "Not only do the statute and federal regulations require a bond hearing, the Constitution does as well." *Id.*

17. On the Notice of Custody Determination form, the box for "I **do** request an immigration judge review this custody determination" has been checked. (ECF No. 5-4 at 2 (emphasis in original)). Petitioner refused to sign the page. (*Id.*) It does not appear that a hearing has been scheduled. (ECF No. 8 at 14-15).

18. This Court will grant the Petition to the extent that a bond hearing must be scheduled.

19. An appropriate order follows.

Hon. Susan D. Wigenton,
United States District Judge
Dated: November 4, 2026